IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
25-cv-01247

| | |
|---|---|
| Justice Clinic,           Intervener/Plaintiff , | ) ) |
| John Doe,           Plaintiff, | ) ) |
| v. | ) ) |
| Michael Bruce Hyman  et al.,           Defendants. | ) ) |

**PLAINTIFF'S MOTION TO GRANT LEAVE TO FILE MEMORANDUM BRIEF**

1. In its order On June 25, 2025 a magistrate judge 'acting as counsel' for defendants who have not been even served the summons , *sua sponte* 'quizzed' the jurisdiction of the defendants to be sued in Peoria after claimed to read the complaint, which can be deemed as a *tacit* inappropriate *exparte* communication.

2. The defendants are <u>Illinoi State employees and could be sued in any court in Illinois</u>, including State courts. 28 U.S.C. § 1391(b) does not apply,

3. Nevertheless, due to a recent law passed in Illinois requires State employees could be sued only in two venues- Cook and Sangamon county.

4. Plaintiff has a severe conflict of interest as defendants who are in Appellate court judiciary, cannot be sued in a lower state court despite Plaintiff having a compelling case to defeat any immunity claim already briefed as a prelude in the complaint itself , though not necessary.

5. Plaintiff object to any transfer to Northern District of Illinois , and will not be able to travel to Chicago for every status call which would consume the entire day.

6. Additonally, defendants will be <u>enjoying free defense</u> at the Illinois taxpayers expense by Illinois Attorney General who have offices throughout Illinois, including Peoria.

2

Plaintiff request leave of 60 days to file a full fledged Memorandum Brief to support Plaintiff position that defendants could be sued anywhere in Illinois, including the Federal court sitting in Peoria.

Dated: 07/08/2025

By: /s/John Doe d/b/a Justice Clinic
Plaintiff