E-FILED
Friday, 17 October, 2025  03:26:46 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**25-cv-01247**

| | |
|---|---|
| Justice Clinic, | ) |
|            Intervener/Plaintiff , | ) |
| John Doe, | ) |
|            Plaintiff, | ) |
|    v. | ) |
| | ) |
| Michael Bruce Hyman  et al., | ) |
|            Defendants. | ) |

## PLAINTIFF'S MOTION  TO  RECONSIDER; VACATE  THE  ORDER; TRANSFER THIS MATTER TO STATE COURT  SITTING  IN SANGAMON COUNTY, ILLINOIS

1. On September 17, 2025 Mr. Hawley dismissed the case without prejudice  after denying Plaintiff motion to transfer the case to  State court sitting in Sangamon County, Illinois.

2. The aforesaid dismissal order was not mailed until <u>September 30, 2025</u> , See **Exhibit 1,** and received on October 8th**,** 2025.  Hence, technically and legally, the motion to reconsider is not due until November 8, 2025 from the  date of notice of order received,

3. Nevertheless, this motion is timely even going by September 17, 2025 *exparte* order.

4. This motion is filed before filing an appeal to the  Seventh Circuit Court of Appeals.

5. Previously in its order of 08/20/2025 , Hawley threatened with "dismissal" thus endorsing, repeating  the prior abuse by his magistrate Hanna in his 06/25/2025 order.

6. The *threat of dismissal* should <u>not be even in the radar on the *sua-sponte* query of "venue"</u> to <u>transfer to another district</u> (Northern District) .  As such the order of 06/25/2025 and 08/20/2025 is deemed <u>as a direct, flagrant violation of due process rights and due process clause of the Fourteenth Amendment Rights and shows the moral turpitude of Hawley and Hanna.</u>

7. This case arises from claims against the defendants which include claims under State laws and Federal laws including claims under 42 U.S.C. §1983.

8. Under Art III.S1.6.4 has State Court Jurisdiction to enforce Federal Law Article III, Section 1, unless the federal courts possess exclusive jurisdiction over a matter, <u>state courts may hear cases over which federal courts would have also had jurisdiction</u>. *Claflin v. Houseman*, 93 U.S. 130 (1876)

9. In *Claflin* , the U.S. Supreme Court held that " the State courts have concurrent jurisdiction whenever, by their own constitution, they are competent to take it."

10. Similarly in *Haywood v. Drown*, 556 U.S. 729 (2009) the Court held that the New York law violated the Supremacy Clause. Writing for the majority, Justice John Paul Stevens explained, "we have emphasized that only a neutral jurisdictional rule will be deemed a 'valid excuse' for departing from the default assumption that state courts will hear federal claims."

11. Plaintiff do not believe  he will be served justice in this court despite Plaintiff made it clear that defendants <u>could be sued in any Court in Illinois</u> and U.S.C. § 1391(b) does not apply, "The defendants are <u>Illinois  State employees and could be sued  in any court in Illinois</u>, including State courts. 28 U.S.C. § 1391(b) does not apply," (Ecf 4)

12. Plaintiff is not  required to  file a brief in this instant  routine motion to reconsider, and such a brief will be filed in Seventh Circuit in the  event of an appeal. However, below are the  synopsis of some opinions of the Seventh Circuit:

- Seventh Circuit repeatedly found that the District Court abused its discretion in not transferring  a case to State court and reversed decision by District court denying the motion to transfer.

- Seventh circuit also found that a district court   abused its discretion when it decided to dismiss a case instead of transferring it to a court that has jurisdiction, especially when dismissal would make a **claim time-barred**. [The frivolous, baseless dismissal of the case by Hawley also severely prejudiced the Plaintiff as some of the claims will be time barred if re-filed in a State court. ]

- The Seventh Circuit  reversed the district court because its decision was based on a legally erroneous standard or disregarded relevant facts surrounding the  plaintiff motion to transfer to State court.  The Seventh Circuit has held that a district court abused its discretion by failing to apply the correct legal standard or relying on clearly erroneous facts when considering a motion related to a case's forum.

13. Plaintiff will also be  filing a Judicial Misconduct petition with the Seventh Circuit against Jonathan Hawley and Ronald Hanna pursuant to the  JUDICIAL CONDUCT and DISABILITY ACT of 1980.


**WHEREFORE,** in the interest of justice , Plaintiff seeks  to vacate the abusive dismissal of the case; transfer this case to State court sitting in Sangamon county, Illinois *instanter*.


                                                            By: /s/John Doe d/b/a Justice Clinic
Dated: 10/15/2025                                                        Plaintiff

Cc: Chief Justice John Roberts, Jr, Chairman of the Judicial Conference of the United States Courts

3

US POSTAGE IMI
FIRST-CLASS
$0.740
063S0001443243
FROM 62701

B3440124

SPRINGFIELD IL 625

30 SEP 2025 AM 2 L

CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
151 U.S. COURTHOUSE
600 EAST MONROE ST.
SPRINGFIELD, IL 62701

OFFICIAL BUSINESS

Justice Clinic
Twin Towers, Peoria
c/o 460 Schaumburg Road
Schaumburg, IL 60168-1085

**EXHIBIT 1**